**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEE Q. HILL,

    Defendant.

Case No. 11-CR-20108-01-CM

## MEMORANDUM & ORDER

Some years ago, this court sentenced defendant Lee Quincy Hill to 80 months imprisonment and 36 months supervised release. Defendant's 36-month supervised release term commenced upon his February 2018 release from the Bureau of Prisons. Months later, defendant ended up in a Georgia county jail, where he is currently being held under several charges arising out of a shooting incident at his mother's Georgia residence. This court subsequently issued an arrest warrant alleging defendant violated certain conditions of his supervised release. An accompanying detainer followed. On November 28, 2018, defendant filed with this court a Motion For Production Order To Resolve Pending Charges, Accusation or Detainers. (Doc. 61). Defendant's pro se motion requests that this court order him produced from that Georgia county jail's custody to resolve "any outstanding matter in accordance with O.C.G.A. 42-6-1, et seq." (Doc. 61, at 1).[1]

Defendant's request, however, contradicts settled authority. Article III of the Interstate Agreement on Detainers (IAD) provides the only mechanism to force a jurisdiction to dispose of a matter

---

[1] The court is mindful of defendant's pro se status and, therefore, liberally construes his motion. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally."). Even read liberally, however, defendant's motion lacks legal support.

-1-

pending against an individual already held in another jurisdiction's custody. The United States and nearly all the states—including Georgia, as demonstrated in the statute defendant invokes—are IAD signatories. *See Carchman v. Nash*, 473 U.S. 716, 719 (1985); Ga. Code Ann. § 42-6-20 (codifying Georgia's status as an IAD party). But the IAD "clearly does not apply to supervised release revocation detainers." *United States v. Gomez-Diaz,* 415 F. App'x 890, 894–95 (10th Cir. 2011) (citing *Carchman*, 473 U.S. at 725–28 and *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008)). The defendant "is not entitled to a revocation hearing [in this court] until after he is taken into federal custody on the arrest warrant," which need not occur until completion of his Georgia prosecution and any resulting sentence. *Id.* at 895; *see also United States v. Magnan*, 700 F. App'x 838, 839–40 (10th Cir. 2017) (interpreting *Moody v. Daggett*, 429 U.S. 78 (1976), to conclude that no due process violation occurs when a revocation of supervised release proceeding is delayed pending the outcome of a state prosecution).

**IT IS THEREFORE ORDERED** that defendant's Motion For Production Order To Resolve Pending Charges, Accusation or Detainers (Doc. 61) be denied.

Dated March 4, 2019, at Kansas City, Kansas.

       s/ Carlos Murguia
       **CARLOS MURGUIA**
       **United States District Judge**